CATTARUZA, d. b. a. PAPPY's PLACE, Appellant, v. BOARD OF LIQUOR CONTROL, Appellees.

Ohio Appeals, Tenth District, Franklin County.

No. 5848.   Decided February 18, 1958.

Karas & McDonnell, Gregory C. Karas, of Counsel, Dayton, Charles T. Kaps, Columbus, for appellant.

William Saxbe, Atty. Genl., Chester Hummell, John Leibold and Paul W. Dixon, Asst. Attys. Genl., Columbus, for appellees.

(HORNBECK, J, of the Second District, sitting by designation in the Tenth District.)

## OPINION

By PETREE, PJ.

This is an appeal on questions of law from the Common Pleas Court of Franklin County, Ohio.

The assignment of error before us is as follows:

The Common Pleas Court and the Board of Liquor Control erred in failing to remand the case to the Department of Liquor Control for further consideration when the record showed that the decision of the Department of Liquor Control was based upon incorrect facts.

The rejection order of the Director of the Department of Liquor Control, as set out in the opinion of the Common Pleas Court, is as follows:

"Pursuant to the provisions of §4303.26 R. C., a hearing was conducted on September 14, 1956 at 1 P. M., in Room No. 3 of the County Commissioner's Office, Montgomery County Court House, Dayton, Ohio, at which time the authorities in control of the Franklin Elementary School objected to the issuance of subject permit. The Department found that said objections were well founded, and finds it inadvisable to issue said permit."

Exhibit A, after reciting that due notice had been sent to the Franklin Elementary School, that said school objected to the issuance of said permit, that said applicant had been served with notice of hearing and had appeared to show cause why the objection of the authorities in charge of the said school were not well taken, and that the authorities of said school offered evidence supporting their contention of the inadvisability of said issuance, recited, among other things, the following:

"Whereas the matter being submitted to the duly authorized agent of the Director of the Department of Liquor Control on the evidence and the Department of Liquor Control in consideration thereof, found:

"1. The Franklin Elementary School is a school within the contemplation and meaning of §4303.26 R. C.

"2. The Franklin Elementary School is within 500 feet, to wit: 160 feet of the proposed location of the said class D-3 permit."

Then the Director decided that the objections of the authorities in charge of the Franklin Elementary School were well founded and supported by the evidence and denied the application for a permit.

The Board of Liquor Control heard the evidence, including evidence submitted by the applicant, which purported to show that the distance was actually 361 feet, dismissed the appeal of the applicant, and in its order found that the location of the premises for which the permit was applied for therein was within a distance of 500 feet from the boundaries of a parcel of real estate having situated thereon the Franklin Elementary School. No other reference to the number of feet is contained in the order of the Board of Liquor Control dismissing Elio Cattaruza's appeal. The burden is upon the applicant, the appellant herein, to show that the Director relied upon the distance of 164 feet (later mentioned as approximately 160 feet) in arriving at his conclusion in denying the permit or whether as a matter of fact he relied upon the fact that it

was within 500 feet of the Franklin Elementary School and upon the objections of said school under §4303.26 R. C.

We feel that this burden has not been met and that the judgment of the Common Pleas Court in affirming the order of the Board is supported by reliable, probative, and substantial evidence. We find that the assignment of error is not well taken, and the judgment of the Court of Common Pleas will, therefore, be affirmed.

Judgment affirmed.

MILLER and HORNBECK, JJ, concur.